# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JAMES JAMISON,<br>    Plaintiff, | Case No. 1:19-cv-790 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| U.S. ATTORNEY JESSICA KNIGHT, et. al,<br>    Defendants. | **REPORT AND RECOMMENDATION** |

Plaintiff, a resident at a halfway house in Cincinnati, Ohio, brings this civil rights action against defendants U.S. Attorney Jessica Knight, U.S. District Judge Timothy S. Black, and U.S. Probation Officer Darla Huffman. By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v.*

*Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a

factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff brings this action in connection with his March 22, 2018 supervised release violation and imposition of a twenty-four-month sentence for new offenses of identity theft, wire fraud and mail fraud. (*See* Doc. 1-2, Complaint; Doc. 2, Supplemental Complaint). Plaintiff alleges that the named defendants violated his constitutional rights and seeks $72,000,000 and court costs for relief. (*See id.* at PageID 42).

This is not the first complaint filed by plaintiff based on these facts. In *Jamison v. United States Federal Gov't.*, Case No. 1:18-cv-419 (S.D. Ohio June 15, 2018), plaintiff also sought to hold the named defendants, amongst others, liable based on his parole revocation and sentence. The Court summarized the complaint in that case as follows:

> In the complaint, plaintiff indicates that in June 2016, plaintiff was sentenced to a thirty-six month prison term to be followed by three years of supervised release in *United States v. Jamison*, No. 1:14-cv-46 (TSB) (S.D. Ohio May 7, 2014). (Doc. 1, Complaint at PageID 16, 17). Plaintiff alleges that he began his term of supervised release on January 11, 2017. (*Id.* at PageID 17). However, he claims that on November 13, 2017, a supervised release violation petition was filed indicating that plaintiff committed new offenses. According to plaintiff, following a revocation hearing, he received a twenty-four month prison sentence for the violation. (Doc. 1, Complaint at PageID 19). Petitioner claims that his constitutional rights were violated because "the plaintiff was not ever arrested,

3

charged, indicted, or convicted of these offenses." (*Id.* at PageID 17).

*Id.*, Doc. 9 at PageID 53.  It has been recommended in that action that the complaint be dismissed for failure to state a claim upon which relief may be granted.  Specifically, the Court determined that defendants Judge Timothy S. Black, Assistant U.S. Attorney Jessica Knight, and U.S. Probation Officer Darla Huffman were immune from suit.  *See id.*, Doc. 24 at PageID 169–70, 172–73.  For the same reasons as stated in that case, the instant complaint should be dismissed at the screening stage.

Plaintiff seeks to hold defendants liable in connection with the supervised release revocation petition, hearings, and/or revocation and sentence.  However, the named defendants are all immune from suit.  First, plaintiff's claims against defendant Knight should be dismissed.  "Prosecutors are entitled to absolute immunity for conduct 'intimately associated with the judicial phase of the criminal process.'"  *Marietta v. Macomb County Enforcement Team,* 141 F.3d 270, 274 (6th Cir. 1998) (quoting *Imbler v. Pachtman,* 424 U.S. 409, 430 (1976)).  Defendant's conduct in connection with plaintiff's supervised release violation was intimately associated with the judicial phase of his criminal case.  *See Burke v. MacArthur*, No. 15-6093, 2015 WL 5970725, at *4 (D.N.J. Oct. 13, 2015) (finding that an Assistant United States Attorney's submissions to a district court in connection with the violation of supervised release were activities intimately associated with the judicial phase of the plaintiff's criminal case and were entitled to absolute immunity).  Therefore, defendant Knight is entitled to absolute prosecutorial immunity and the complaint should be dismissed against her.

The complaint should also be dismissed as to Judge Black.  Judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity.

*Mireles v. Waco,* 502 U.S. 9, 11 (1991); *Pierson v. Ray,* 386 U.S. 547 (1967); *Barrett v. Harrington*, 130 F.3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978). *See also Stern v. Mascio*, 262 F.3d 600, 607 (6th Cir. 2001); *King v. Love,* 766 F.2d 962 (6th Cir. 1985). Plaintiff has not alleged any facts to suggest that Judge Black acted outside his judicial capacity or "in the complete absence of all jurisdiction." *Stern*, 262 F.3d at 607. Accordingly, the complaint fails to state a claim for which relief may be granted against the judicial defendant because he is entitled to absolute judicial immunity for the actions alleged in the complaint. *See, e.g.*, *Perez v. United States*, No. C-10-246, 2011 WL 2618881, at *2–3 (S.D. Tex. July 1, 2011) (finding that a judge was entitled to absolute judicial immunity where the judge determined that the plaintiff violated the conditions of his supervised release and sentenced him); *Lawrence v. Conlon*, No. 92 C 2922, 1995 WL 153273, at *3 (N.D. Ill. Apr. 6, 1995) ("a judge who considers the evidence at a hearing regarding the revocation of a supervised release and renders a decision, acts well within her judicial capacity").

Finally, plaintiff seeks to hold defendant Huffman liable for reporting his supervised release violations to the Court.[1] However, Huffman is entitled to quasi-judicial immunity. *See Huffer v. Bogen*, 503 F. App'x 455, 461 (6th Cir. 2012) (finding that the district court did not err in determining that a probation officer was performing a judicial function when they determined

---

[1] To the extent that plaintiff seeks to name the United States Probation Department as a defendant to this action, he similarly fails to state a claim upon which relief may be granted against this defendant. *See, e.g.*, *Reed v. United States Probation Dep't.*, No. 18-850, 2018 WL 1911339, at *2 (E.D. Penn. Apr. 23, 2018) (finding that "the United States Probation Department is part of the Administrative Office of the United States Court, and is therefore a federal agency," which is entitled to sovereign immunity).

that the plaintiff had violated the terms of his probation). *See also Loggins v. Franklin Cnty.*, 218 F. App'x 466, 476 (6th Cir. 2007). As noted in *Huffer*, "[w]hen a judge seeks to determine whether a defendant is complying with the terms of probation, the judge is performing a judicial function. . . . All of the same considerations that would apply to the judge apply to the probation officer." *Huffer,* 503 F. App'x at 461 (quoting *Balas v. Leishman-Donaldson*, No. 91-4073, 1992 WL 217735, at *5 (6th Cir. Sept. 9, 1992)). Accordingly, the complaint fails to state a claim upon which relief may be granted against Huffman.

Accordingly, in sum, this action should be dismissed because plaintiff has failed to state a claim upon which relief may be granted.

## IT IS THEREFORE RECOMMENDED THAT:

1. The plaintiff's complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

| | |
|---|---|
| JAMES JAMISON,<br>    Plaintiff, | Case No. 1:19-cv-790 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| U.S. ATTORNEY JESSICA<br>KNIGHT, et. al,<br>    Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).