UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

James Jamison,

        Plaintiff,

    v.

U.S. Attorney Jessica Knight, *et al.*,

        Defendants.

Case No. 1:19cv790

Judge Michael R. Barrett

**ORDER**

This matter is before the Court on the Magistrate Judge's November 6, 2019 Report and Recommendations ("R&R") (Doc. 12) and Plaintiff's Objections thereto (Doc. 13).

**I.    STANDARD OF REVIEW**

When objections are made to a magistrate judge's report and recommendation on a nondispositive matter, this Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). The "clearly erroneous" standard applies to the magistrate judge's factual findings and the "contrary to law" standard applies to the legal conclusions. *Sheppard v. Warden, Chillicothe Corr., Inst.*, 1:12-CV-198, 2013 WL 146364, *5 (S.D. Ohio Jan. 14, 2013). Legal conclusions should be modified or set aside if they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee v. Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has

been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

## II.     BACKGROUND

Plaintiff is proceeding in this matter *pro se*. Plaintiff is a resident at a halfway house in Cincinnati, Ohio. Plaintiff's claims arise out of his March 22, 2018 supervised release violation and imposition of a twenty-four-month sentence for new offenses of identity theft, wire fraud, and mail fraud.

The Magistrate Judge granted Plaintiff leave to proceed *in forma pauperis*, but determined that Plaintiff failed to state a claim for the reasons set forth in her October 9, 2019 R&R (Doc. 7). While the October 9, 2019 R&R was pending, Plaintiff filed a Motion to Supplement his Complaint (Doc. 11), a Motion for Summary Judgment (Doc. 9), and a Supplemental Motion for Summary Judgment (Doc. 10). In her November 6, 2019 R&R, the Magistrate Judge found that these motions were either duplicative of previously filed motions or should be denied in light of the October 9, 2019 R&R; and recommended that the Court adopt in its entirety the October 9, 2019 R&R.

## III.    ANALYSIS

In his Objections, Plaintiff states that the Magistrate Judge erred in finding that he had failed to state a claim because Plaintiff has cited other cases where other individuals have committed supervised release violations but were not sent back to federal prison. Plaintiff points out that he was never arrested for the four new alleged crimes. Plaintiff also claims that even though he was innocent of these crimes, Defendant U.S. District Court Judge Timothy S. Black found him guilty of committing all four crimes. Finally,

Plaintiff argues that Defendant U.S. Attorney Jessica Knight is not entitled to prosecutorial immunity; and none of the Defendants are entitled to qualified immunity because they knew their acts were unconstitutional.

However, as the Magistrate Judge explained Defendant Knight is entitled to absolute prosecutorial immunity because Plaintiff's supervised release violation is intimately associated with the judicial phase of his criminal case.  The doctrine of absolute immunity allows prosecutors to exercise their own independent judgment in "deciding which suits to bring and in conducting them in court."  *Imbler v. Pachtman*, 424 U.S. 424, 419 (1976).  Therefore, the Court finds no error in the Magistrate Judge's conclusion that Defendant Knight is entitled to absolute prosecutorial immunity and Plaintiff's claims against Defendant Knight should be dismissed.

In addition, as the Magistrate Judge explained, judges are afforded absolute immunity from damages for acts they commit while functioning within their judicial capacity.  *Imbler*, 424 U.S. at 419 (explaining that judicial "immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted).  Therefore, the Court finds no error in the Magistrate Judge's conclusion that Judge Black is entitled to absolute judicial immunity and Plaintiff's claims against him should be dismissed.

Finally, the Magistrate Judge concluded that Defendant U.S. Probation Officer Darla Huffman is entitled to quasi-judicial immunity.  The Court finds no error in this conclusion.  *See Frazier v. Crump*, No. 16-6687, 2017 WL 5664900, at *2 (6th Cir. Oct.

3

17, 2017) (probation officers who supervised plaintiff's probation and reported his violations were entitled to quasi-judicial immunity).

### IV. CONCLUSION

Having reviewed this matter *de novo* in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds the Magistrate Judge's R&R (Doc. 12) to be thorough, well-reasoned, and correct. Accordingly, the Magistrate Judge's November 6, 2019 R&R (Doc. 12) is **ADOPTED** in its entirety, and Plaintiff's Objections (Docs. 8, 13) are **OVERRULED**. It is hereby **ORDERED** that:

1. The October 9, 2019 R&R (Doc. 7) is adopted in its entirety and, for the reasons set forth therein, Plaintiff's Complaint, as supplemented, is **DISMISSED with PREJUDICE** for failure to state a claim upon which relief may be granted;

2. Plaintiff's second Motion for Leave to File a Supplemental Complaint (Doc. 11) is **DENIED** as duplicative;

3. Plaintiff's Motion and Supplemental Motion for Summary Judgment (Docs. 9, 10) is **DENIED**;

4. The Court certifies pursuant to 28 U.S.C. § 1915(e)(2)(B) that for the foregoing reasons an appeal of this Order would not be taken in good faith, and therefore, Plaintiff is **DENIED** leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997); and

5. This matter is **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　*/s/ Michael R. Barrett*
　　　　　　　　　　　　　　　　　　　　Michael R. Barrett
　　　　　　　　　　　　　　　　　　　　United States District Court